*Charleston County Sheriff's Office*  *Procedure 6-05*
*Policy and Procedure Manual*  *Use of Less Lethal Force*

| 6-05 USE OF LESS LETHAL FORCE |
|---|
| ☐ NEW   ☒ REVISED   ☐ REVIEWED |
| CALEA STANDARDS REF. NUMBERS: 1.3.1, 1.3.4, 1.3.5, 1.3.6, 1.3.7, 1.3.8, 1.3.9, 1.3.10, 1.3.11, 1.3.12, 1.3.13 |
| APPROVED:<br><br>*J. Al Cannon, Jr.* (signature)        06-13-07<br>Sheriff J. Al Cannon, Jr., Esq.         Date |

I.  Purpose

   To provide sworn personnel of the Charleston County Sheriff's Office with guidelines on the use of less lethal force by agency personnel.
   (Ref: CALEA 1.3.4)

II. Policy

   The Charleston County Sheriff's Office recognizes that the use of unnecessary force is unlawful, erodes the public's confidence and support and, in the long run, damages the effective delivery of law enforcement services. Therefore, it is the policy of this agency that sworn personnel use only the force necessary to accomplish lawful objectives.(Ref: CALEA 1.3.1)

III. Definitions

   A.  Force: Conduct on the part of a deputy sheriff that is designed to assist the deputy sheriff in controlling a situation or the actions or behavior of a person or persons.

   B.  Physical Force: The escalation of force used by a deputy sheriff in order to control a situation or the actions of persons, from minimum to maximum, i.e., soft empty hand control to deadly force. (The term does not include escorting or handcuffing a person, who exhibits no or minimal resistance.)

   C.  Deadly Force: Any use of force that is likely to cause death or serious physical injury.

CCSO - 0524

*Charleston County Sheriff's Office*  
*Policy and Procedure Manual*

*Procedure 6-05*  
*Use of Less Lethal Force*

- D. Less Lethal Weapon: Weapon designed to incapacitate a subject or gain compliance from a subject to affect a safer transition of the subject into custody.

- E. Serious Physical Injury: Any bodily injury that creates a substantial risk of death, causes serious permanent disfigurement, or results in long-term loss or impairment to any bodily member or organ.

IV. Procedure

- A. This directive establishes guidelines for the use of less lethal force by sworn personnel of the Charleston County Sheriff's Office. Knowing when to use force and how much to use when it becomes necessary is an integral part of a deputy sheriff's job. The deputy sheriff must always remember that the use of force to detain any person is a seizure and is consequently governed by the Fourth Amendment to the Constitution of the United States of America. As such, that seizure must be reasonable; that is, the government interests served by it must outweigh the interest of the individual who has been seized. The use of excessive force, to any degree, in any situation, regardless of the provocation or action of the offender, may result in disciplinary action and criminal prosecution.

- B. Use of Force:

    1. In dealing with people, each deputy sheriff must attempt to inspire respect and generate cooperation and approval from the public. Deputy sheriffs will be courteous and civil in their relationships with the public.

    2. Deputy sheriffs will use only such force that is reasonable and necessary to lawfully and properly neutralize an unlawful assault or overcome resistance by a person being taken into custody.

    3. Deputy sheriffs will use force in accordance with the Use of Force Continuum as outlined in Charleston County Sheriff's Office Policy 6-06. (Ref: CALEA 1.3.1)

- C. Less Lethal Weapons:

**Charleston County Sheriff's Office**  
**Policy and Procedure Manual**

**Procedure 6-05**  
**Use of Less Lethal Force**

1. For the purpose of this directive, the X26 Taser, ASP expandable baton and OC spray are less lethal weapons issued and approved by the Sheriff's Office. These weapons are available to deputy sheriffs for use in accordance with the force continuum, provided the deputy sheriff is trained in the proper use of the less lethal weapon carried.

2. All deputy sheriffs are required to wear the X26 Taser, ASP expandable baton and OC spray while in uniform or engaged in field activities while on duty and when working an off-duty assignment.

3. S.W.A.T. team less lethal weapons include gas munitions such as OC and CS(Cap Stun) or a combination of both, 12 gauge and 37mm bean bag rounds, flashbang distraction grenades, rubber ball and wooden baton munitions.

(Ref: CALEA 1.3.9, item *a*)

D. Training and Qualifications:

1. Only sworn personnel who have demonstrated proficiency in the use of agency-authorized less lethal weapons will be approved to carry such weapons. (Ref: CALEA 1.3.10)

2. All sworn personnel are required to receive in-service training on the agency's use of force procedures annually and demonstrate proficiency with any approved less lethal weapon they are authorized to carry at a minimum of once every two years with the exception of the X26 Taser which will be conducted annually.

3. Instruction and qualification for all agency-authorized less lethal weapons will be provided by a certified weapons or defensive tactics instructor. (Ref: CALEA 1.3.11, item *a*)

4. Deputy sheriffs who fail to demonstrate proficiency with assigned less lethal weapons will not be authorized to carry such weapon until they have successfully completed remedial training under the instruction of a certified instructor.

CCSO - 0526

*Charleston County Sheriff's Office*  
*Policy and Procedure Manual*

*Procedure 6-05*  
*Use of Less Lethal Force*

(Ref: CALEA 1.3.11, item *c*)

5. It will be the responsibility of the Sheriff's Office Training Section to schedule proficiency training for all sworn personnel in accordance with this procedure and to appropriately document such training.   (Ref: CALEA 1.3.11, item *b*)

6. All sworn personnel will be issued a copy of this *Less Lethal Force* procedure. Training in the content and intent of this procedure will be accomplished and acknowledged in writing prior to personnel being authorized to carry those less lethal weapons covered by this directive.   (Ref: CALEA 1.3.12)

E. Prohibited Weapons:

1. Brass knuckles, slappers, slap gloves, billy clubs, blackjacks and the like are prohibited less lethal weapons and will not be carried.

2. In exigent circumstances, weapons of opportunity may be used to defend the deputy sheriff or others from injury. Examples include, but are not limited to: the portable radio, flashlight, stick, rock and similar items.   (Ref: CALEA 1.3.9, item *a*)

F. Rendering Aid After Use of Force:

It is the duty of every deputy sheriff to render, within individual capabilities, and/or arrange for the immediate, appropriate, and necessary medical aid for any person upon whom force has been used. The deputy sheriff utilizing force will notify his immediate supervisor when that force results in injury.   (Ref: CALEA 1.3.5)

G. Reporting Use of Force:

1. A written report prepared according to agency procedures will be required in the following situations:

    a. when a deputy sheriff takes an action that results in, or is alleged to have resulted in, injury or death of another person;

*Charleston County Sheriff's Office*  
*Policy and Procedure Manual*

*Procedure 6-05*  
*Use of Less Lethal Force*

      b. applies force through the use of lethal or less lethal weapons;

      c. discharges a less lethal weapon intentionally or accidentally; and/or

      d. applies physical force as defined in Section III.
            (Ref: CALEA 1.3.6, items *b - d*)

  2. A supervisor will be immediately summoned to the scene and will comply with investigative procedures as required by this agency in the following situations:

      a. when the use of force results in death or serious physical injury;

      b. when a subject complains that an injury has been inflicted; or

      c. when misconduct is alleged or suspected.

H. Agency Response:

  1. Use of force incident:

      a. When a deputy sheriff's use of force results in a death or serious physical injury, the deputy sheriff will be placed on administrative leave pending an administrative review. (Ref: CALEA 1.3.8)

      b. The Sheriff's Office will insure both a criminal and administrative investigation of the incident is conducted. As a general rule, the administrative investigation will be conducted subsequent to a criminal investigation and upon authorization from the Solicitor's Office to proceed with such an administrative inquiry.

  2. Administrative review of critical incidents:

CCSO - 0528

*Charleston County Sheriff's Office*  
*Policy and Procedure Manual*

*Procedure 6-05*  
*Use of Less Lethal Force*

    a. All reported uses of less lethal and/or physical force will be reviewed by the agency's Office of Professional Standards to determine whether:

        1. agency rules, policy, or procedures were violated;

        2. the relevant policy was clearly understandable and effective to cover the situation; and

        3. agency training is currently adequate.

    b. All findings of policy violations or training inadequacies will be reported to the appropriate department for resolution and/or disciplinary action.

(Ref: CALEA 1.3.7)

    c. At least annually, the Office of Professional Standards will conduct a documented analysis of use of force (i.e., less lethal, physical, and deadly force) incidents to determine training needs and/or policy modifications.

(Ref: CALEA 1.3.13)

*This directive is for Sheriff's Office use only and does not apply in any criminal or civil proceeding. The Sheriff's Office policy should not be construed as a creation of higher legal standard of safety or care in an evidentiary sense with respect to third-party claims. Violations of this directive will only form the basis for agency administrative sanctions.*

CCSO - 0529