IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2012 SEP 18 A 10: 13

| | |
|---|---|
| Richard G. Summers, ) | |
| Plaintiff, ) | |
| v. ) | No. 2:10-cv-03291-RMG |
| County of Charleston, County of Charleston ) Sheriff's Department, Deputy R. Stern, ) Deputy M. Sharpe, and Officer H. E. Bohlander, ) | **ORDER** |
| Defendants. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants used excessive force and engaged in disability discrimination under federal law, and committed negligence, gross negligence, and recklessness under state law, in arresting and detaining him. (Dkt. No. 35). This matter was automatically referred to a Magistrate Judge for all pre-trial proceedings, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff moved for summary judgment on specified excessive force claims asserted in Count One of his amended complaint. (Dkt. No. 49). Defendants also filed a motion for summary judgment, seeking summary judgment with respect to all claims as well as the dismissal of claims against Deputy Stern on the basis of improper service of process. (Dkt. No. 51).

The Magistrate Judge issued a Report and Recommendation (R&R) recommending that Plaintiff's motion for summary judgment should be denied; and Defendants' motion should be denied in part and granted in part. (Dkt. No. 97 at 22). With respect to Defendants' motion, the Magistrate Judge recommended that the claims against Deputy Stern should not be dismissed and

summary judgment should be granted: (1) on Plaintiff's Second Cause of Action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; (2) to Charleston County with respect to Plaintiff's Third Cause of Action asserting a claim under the South Carolina Tort Claims Act; (3) to the individual Defendants on Plaintiff's Fourth Amendment excessive force claims relating to events occurring up to when Plaintiff was placed in the back of Stern's vehicle; and (4) to Charleston County Sheriff's Department with respect to Plaintiff's Third Cause of Action insofar as it relates to those same pre-vehicle events. (*Id.*). However, the Magistrate Judge recommended denial of summary judgment to the natural Defendants in their individual capacities with respect to Plaintiff's claim that excessive force was used after he exited the police squad car, a claim which the Magistrate Judge analyzed under the Fourteenth Amendment, and also denied summary judgment to Defendant Charleston County Sheriff's Department with respect to Plaintiff's state tort claim for gross negligence relating to the events after he exited the vehicle. (*Id.*). The Defendants filed their objections to the R&R, (Dkt. No. 103), and Plaintiff filed his response to those objections. (Dkt. No. 105).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

The Court has before it cross-motions for summary judgment. Summary judgment is

appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

## Discussion

In their objections, the Defendants argue, *inter alia*, that the Fourth Amendment, not the Fourteenth Amendment, should apply to the claims relating to conduct after the Plaintiff escaped from the squad car, since he was not yet "in custody." (Dkt. No. 103 at 3-7).[1] Broadly speaking, "the Fourth Amendment only governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person," while the Due Process Clause of the Fourteenth Amendment governs excessive force claims made by a "pretrial detainee or arrestee." *Orem v. Repham*, 523 F.3d 442, 446 (4th Cir. 2008) (citations, quotation marks and alterations omitted); *see also Robles v. Prince George's Cnty., Md.*, 302 F.3d 262, 268 (4th Cir. 2002) ("Once the single act of detaining an individual has been accomplished, the [Fourth] Amendment ceases to apply.") (citation omitted). The distinction is material because, while the Court evaluates officer conduct against an "objective reasonableness" standard for Fourth Amendment claims, the Court applies a subjective standard to Fourteenth Amendment claims, considering whether the force

---

[1] The Defendants also argue that, even under the Fourteenth Amendment standard, they should prevail. (Dkt. No. 103 at 7-8). In addition, they argue that they are entitled to qualified immunity on these claims and maintain that Deputy Stern should be dismissed from this action for not having received proper service. (Dkt. No. 103 at 8-17). The Court finds that the R&R accurately summarizes the applicable factual and legal issues relating to these objections, and therefore adopts the Magistrate Judge's findings on those points.

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Young v. Prince George's Cnty., Md.*, 355 F.3d 751, 758–59 (4th Cir. 2004); *see also Wilkins v. Gaddy*, __ U.S. __, 130 S. Ct. 1175, 1178 (2010) (quotation marks omitted).

As the circumstances of this case demonstrate, however, out in the real world "[t]he point at which Fourth Amendment protections end and Fourteenth Amendment protections begin is often murky." *Orem*, 523 F.3d at 446 (concluding that an individual whose excessive force claim arose while she was being transported to a detention center, but before she had been formally charged, has "status as an arrestee requir[ing] application of the Fourteenth Amendment"); *see also Alston v. Winthrop Univ. Police Dep't*, 8:09-cv-1130, 2010 WL 5582736, at *6 (D.S.C. Nov. 17, 2010) ("The Fourth Circuit has not established a rule to determine when Fourth Amendment protections end and Fourteenth Amendment protections begin.").

Though the question of what standard to apply is a close one here, the decision to decide in favor of the Plaintiff on this issue is not. The Magistrate Judge concluded that "although Plaintiff was no longer in the back of the squad car, he was in both hand and leg shackles and was surrounded by police officers," and should therefore be treated as an arrestee whose claims are reviewed under the Fourteenth Amendment. (Dkt. No. 97 at 12 n.11). In reaching this conclusion, the Magistrate Judge pointed to *Williams v. Smith*, No. 3:08-cv-2841-JFA, 2009 WL 4729975 (D.S.C. Dec. 3, 2009), a case in which the Fourteenth Amendment was found to apply where officers were alleged to have Tasered a suspect twice though he was "complying with law enforcement" commands and was "bound by his hands and feet" on the ground outside an apartment complex. *Id.* at *3. If the Fourteenth Amendment were to apply, the Court would

accept the Magistrate Judge's analysis and conclusion that Plaintiff has presented enough evidence to survive summary judgment on his claim that excessive force was used after he left the squad car.

However, it appears that binding precedent calls for applying the Fourth Amendment standard here. In *Bailey v. Kennedy*, 349 F.3d 731, 743–45 (4th Cir. 2003), the Fourth Circuit analyzed the force used after the suspect was lying face down on the floor of his residence, in handcuffs and leg restraints, as an excessive force claim under the Fourth Amendment. The Court will follow *Bailey* and apply the Fourth Amendment's "objective reasonableness" standard. *See also Thompson v. City of Danville, Va.*, 4:11-cv-00012, 2001 WL 2174536, at *7–8, & *7 n.9 (W.D. Va. June 3, 2011) (applying Fourth Amendment standard to excessive force claim where Taser was used on handcuffed individual whom officer believed was struggling while being placed into patrol car, though largely because parties agreed on using that standard); *Coleman v. Smith*, No. 3:08-cv-3675-JFA, 2010 WL 569662, at *2 n.1 (D.S.C. Feb. 11, 2010) (applying Fourth Amendment standard to excessive force claim where individual was being escorted out of stadium with hands held behind his back by officers, since individual "was not under arrest" and it was unlikely "that he would have been arrested").

Under that standard, too, the Court finds that the evidence presented is sufficient to survive summary judgment. Determining whether the force used to carry out a particular arrest is "unreasonable" under the Fourth Amendment requires "balanc[ing] the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be considered include the severity of the crime, whether

there is an immediate threat to the safety of the officers or others, and whether the subject is resisting arrest or attempting to flee. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Here, the evidence viewed in the light most favorable to the Plaintiff leaves open material factual questions such as whether, at the time he was Tased, the Plaintiff presented an immediate threat to the safety of the officers or others, and whether he was resisting arrest or attempting to flee. As a result, a reasonable jury could find that the natural Defendants used a level of force that was objectively unreasonable given the circumstances they faced, violating the Fourth Amendment. Thus, regardless of whether this excessive force claim is evaluated under the standard of the Fourth or Fourteenth Amendment, summary judgment is not warranted.

### Conclusion

Based upon the foregoing, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge except for that portion relating to the Fourteenth Amendment claim. (Dkt. No. 97 at 12–16). Therefore, the Court (1) **DENIES** Deputy Stern's motion to dismiss (Dkt. No. 63); (2) **DENIES** Plaintiff's motion for partial summary judgment (Dkt. No. 84); (3) **GRANTS IN PART AND DENIES IN PART** Defendants' motion summary judgment (Dkt. No.97) as follows: (a) summary judgment granted as to the Second Cause of Action; (b) summary judgment granted to Charleston County in regard to Third Cause of Action relating to claims asserted under the South Carolina Tort Claims Act; (c) summary judgment granted to the individual Defendants on Plaintiff's excessive force claims relating to events occurring up to the time Plaintiff was placed in the back of Stern's vehicle; (d) summary judgment granted to Charleston County Sheriff's Department under the Third Cause of Action insofar as it relates to events occurring before Plaintiff was placed in the vehicle; (e) summary judgment denied under the Fourth

Amendment to the natural Defendants in their individual capacities with respect to Plaintiff's claim that excessive force was used after Plaintiff exited the police squad car; and (f) summary judgment denied to Charleston County Sheriff's Department under the Third Cause of Action with respect to alleged gross negligence as it relates to events occurring after Plaintiff exited the squad car.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

September 18, 2012
Charleston, South Carolina